Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7884 | **DATE** | 6/19/2001 |
| **CASE TITLE** | Kacprowski vs. Advanced Reproductive | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants defendants' motion to dismiss or for partial summary judgment (7-1, 7-2). Summary judgment is entered in favor of defendants Brasch and AM on Counts 1-3. Count 4 is dismissed as to all defendants.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 2 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | _ecw_ docketing deputy initials | 14 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN 21 PM 4:45 | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW J. KACPROWSKI, )
)
Plaintiff, )
v. ) Case No. 00 C 7884
)
ADVANCED REPRODUCTIVE )
HEALTH CENTER, INC., ADVANCED )
MANAGEMENT, L.L.C., and DR. JOEL )
BRASCH, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Andrew J. Kacprowski alleges that he was employed as chief operating officer by defendants Advanced Reproductive Health Center, Inc. (ARHC), Advanced Management (AM), and Dr. Joel Brasch from January 1997 to May 12, 2000. He claims that the defendants had a custom and practice of sexual harassment and retaliation, as well as discrimination based on religion and national origin. On May 9, 2000, a female employee brought to Kacprowski's attention a pornographic website that appeared on her laptop computer, which had been borrowed by her supervisor, Dr. Brasch, the owner of ARHC and AM. When Kacprowski confronted Brasch about the discovery on May 10, he says, Brasch became angry and belligerent. Kacprowski confronted Brasch on May 11 regarding other pornographic websites that Kacprowski had discovered had been purchased via Brasch's credit card, and he says he warned Brasch about sexual harassment in the workplace. Kacprowski alleges that on May 12, Brasch

1

fired him and the female employee who had complained about the website. At the time of termination, Kacprowski says, Dr. Brasch asked him if he really believed Brasch would allow a non-Jew/German to own the company. (Kacprowski was to have had an opportunity for earned ownership of the company.) Kacprowski alleges that he was replaced with a Jewish employee.

In June 2000, Kacprowski filed a charge of discrimination with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights; he named only ARHC as the employer who had discriminated against him. After receiving notice of his right to sue, Kacprowski brought claims against ARHC, AM, and Brasch under Title VII for discrimination based on religion, discrimination based on national origin, and retaliation for opposing sexual harassment (Counts 1 - 3). In Count 4, he accuses the defendants of retaliatory discharge in violation of Illinois common law.

AM and Brasch have moved to dismiss Counts 1 - 3 for failure to state a claim on which relief may be granted, or in the alternative for summary judgment. Among other things, Brasch contends that he cannot be held individually liable under Title VII because he did not personally employ Kacprowski, and AM argues that it is not liable for the Title VII violations because it does not conform to Title VII's definition of an "employer." ARHC, AM, and Brasch have moved to dismiss Kacprowski's claim of retaliatory discharge, arguing that it is preempted by the Illinois Human Rights Act.

### Discussion

A motion to dismiss a complaint under Rule 12(b)(6) may be granted only if it appears beyond doubt that the plaintiff cannot prove facts consistent with his complaint that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court reads the complaint the

light most favorable to the plaintiff, drawing all reasonable inferences in his favor and accepting as true the complaint's well-pleaded facts. *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998). Under Rule 56(c), summary judgment may be granted only if there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is considered "genuine" if a reasonable trier of fact could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether or not a genuine issue of material fact exists, we must view the facts in a light favorable to Kacprowski, the non-moving party in this case, drawing all reasonable inferences in his favor. *Celotex*, 477 U.S. at 322.

## I. Title VII claims

### A. Brasch's individual liability as an employer

An individual "who [does] not otherwise meet [Title VII's] statutory definition of 'employer' cannot be liable." *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995). In *AIC*, plaintiff brought suit against AIC and its sole shareholder for violation of the American Disabilities Act. Even though the owner had operated AIC on a day-to-day basis and fired the plaintiff, the Seventh Circuit concluded that she was not an employer within the meaning of the law. *Id.* at 1279. The court noted that "where the individual owns all or a significant share of the employing entity, he will be disciplined directly by the financial loss he must absorb, whether or not there is individual liability." *Id.* at 1282 n.8.

Brasch's situation is no different. He owned ARHC and AM, he was involved in the day-to-day operation of both companies, and he fired the plaintiff. Nevertheless, because there is no evidence – and indeed no real claim, *see* Pltf. Resp. 2-3 – that Brasch *personally* employed

3

Kacprowski, Brasch fails to meet Title VII's definition of an "employer" and therefore must be dismissed as a defendant.

Kacprowski argues that Brasch is functioning as the "alter ego" of the companies and therefore can be held liable as an employer. *See Janopolous v. Harvey L. Walner & Associates, Ltd.*, 835 F. Supp. 459, 461 (N.D. Ill. 1993). This argument fails, however, because the Seventh Circuit held in *AIC* that there is "no good reason why it should make any difference for our [liability] analysis whether [individual defendant/sole shareholder] was [corporate defendant's] alter ego . . . as to [the sole shareholder's] individual capacity liability, it does not matter even if [h]e was [his entity's] alter ego." *AIC*, 55 F.3d at 1282. For these reasons, Brasch is entitled to summary judgment on Counts 1- 3.

B.  **AM's liability as an employer**

Title VII defines an employer as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . ." 42 U.S.C. § 2000e(b). The purpose of the "fifteen or more employees" requirement is to exempt small employers from the sometimes difficult task of mastering the complexities and procedures of the anti-discrimination laws. *Papa v. Katy Industries, Inc.*, 166 F.3d 940 (7th Cir. 1999).

AM has shown, and it is undisputed, that it did not employ fifteen or more people in each of twenty or more calendar weeks in 2000 or 1999. It is not an "employer" within the meaning of Title VII.

In an attempt to show that AM qualifies as an employer under Title VII, Kacprowski relies on an "integrated enterprise" theory. Under that theory, legally separate corporations or

4

individuals may be viewed as a single unit when they are so interrelated as to make it difficult to determine where one ends and the other begins. *Lynam v. Foot First Podiatry Centers, P.C.*, 919 F. Supp. 1141, 1145 (N.D. Ill. 1996). However, the "integrated enterprise" theory for defining an "employer" under Title VII was rejected by the Seventh Circuit because it is unduly vague and does not adequately protect small employers. *Papa*, 166 F.3d at 942.[1] For these reasons, and because AM relied on material outside of the complaint, summary judgment on Counts 1 - 3 is entered in favor of AM.

The Court denies Kacprowski's request for more time to investigate the affidavits relied on by AM. In view of the Seventh Circuit's rejection of the "integrated employer" theory, and Kacprowski's inability to so much as suggest that AM ever had fifteen employees, additional time would do him no good. "Remote possibilities do not warrant subjecting the parties and the judiciary to proceedings almost certain to be futile." *DF Activities Corp. v. Brown*, 851 F.2d 920, 922 (7th Cir. 1988).

## II. Retaliatory discharge claim

The Illinois Human Rights Act provides a remedy to an employee discharged in retaliation for opposing "that which he or she reasonably and in good faith believes to be unlawful discrimination [or] sexual harassment in employment . . ." 775 ILCS 5/6-101(A). The Act also states that "except as otherwise provided by law, no court of this state shall have

---

[1] In *Papa*, the court indicated that an affiliate of the employer might be held liable under Title VII in three types of situations: when the evidence shows that "veil-piercing" is appropriate under traditional standards; when a company has split itself up into small parts to evade responsibility under Title VII or similar laws; and when a parent corporation actually directed the challenged discriminatory practice or act. *Papa*, 166 F.3d at 941-42. Kacprowski makes no claim, and provides no evidence, that any of these situations exists here.

jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111 (C).

The Illinois Human Rights Act preempts common law claims when those common law claims are "inextricably linked" to a discrimination claim. *See, e.g., Utomi v. Cook County*, No. 98 C 3722, 1999 U.S. Dist. LEXIS 15449, at 16 (N.D. Ill. Sept. 22, 1999) (citing cases). Similarly, common law claims are preempted if they are rooted in legal obligations and prohibitions that exist only under the IHRA. *See, e.g., Bartoli v. Applebee's Restaurant*, No. 00 C 5954, 2001 U.S. Dist. LEXIS 314, at 3 (N.D. Ill. Jan. 11, 2001) (citing cases). Kacprowski argues that his common law retaliatory discharge claim is neither "inextricably linked" to his claim of discrimination nor rooted in IHRA provisions. Rather, he says, it is based on his opposition to violations of his employer's internal rules. Cplt. ¶ 39; Pltf. Resp. at 7.

In his attempt to avoid preemption, Kacprowski has put his claim outside the bounds of what is needed to establish a viable retaliatory discharge claim. A claim of retaliatory discharge requires proof (1) that the plaintiff has been discharged; (2) in retaliation for his activities; and (3) that the discharge violates a clear mandate of public policy. *E.g., Howard v. Zack Co.*, 264 Ill. App. 3d 1012, 1021-22, 637 N.E.2d 1183, 1190 (1994). Kacprowski's claim as he characterizes it does not fulfill the third prong of this test: reporting behavior that violates company policy is not a matter that "strike[s] at the heart of a citizen's social rights, duties, and responsibilities." *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124, 128, 421 N.E. 2d 876 (1981). The only Illinois public policy potentially implicated here is that found within the Illinois Human Rights Act. Thus, Kacprowski's claim either fails to state a claim under Illinois law, or it is preempted by the IHRA.

## CONCLUSION

For the reasons stated above, the Court grants defendants' motion to dismiss or for partial summary judgment [Docket Items 7-1, 7-2]. Summary judgment is entered in favor of defendants Brasch and AM on Counts 1 - 3. Count 4 is dismissed as to all defendants.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 19, 2001